UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AMPARO NIERA and RICHARD WAGNER, § § § | |
| *Plaintiff*s, § | |
| § | Civil Action No.  SA-10-CV-907-XR |
| v. § § | |
| THE FROST NATIONAL BANK, § § | |
| *Defendant*. § | |

## ORDER

On this date, the Court considered the Report and Recommendation issued by Magistrate Judge Nowak on November 19, 2010 (Docket Entry No. 3).  After due consideration, the Court accepts the Magistrate Judge's recommendation.

## Legal Standard

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his written objections within ten days after being served with a copy.  28 U.S.C. § 636(b)(1).  The Magistrate Judge's Report and Recommendation was served by electronic transmittal on November 19, 2010 (Docket Entry No. 3).  No objections have been filed.  Because no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Instead, the Court determine whether it is either clearly erroneous or contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

**Analysis**

Plaintiffs filed a motion to proceed *in forma pauperis* ("IFP") in this Court on November 8, 2010 (Docket Entry No. 1). The Court may dismiss an IFP proceeding if the complaint is "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e); *see Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)); *Newsome v. E.E.O.C.*, 301 F.3d 227, 232-233 (5th Cir. 2002). A claim is frivolous if it lacks an arguable basis in either law or fact. *Siglar*, 112 F.3d at 193; *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

Plaintiffs' claims are frivolous because they are barred by the *Rooker-Feldman* doctrine, which prohibits a federal court from hearing a collateral attack on a state court order. *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994)*; United States v. Shepherd,* 23 F.3d 923, 924 (5th Cir. 1994); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Plaintiff Richard Wagner represented Plaintiff Amparo Niera in state court Cause No. 1009-CI-01386 in Bexar County, Texas, in an action against Defendant Frost National Bank among other defendants. Niera lost his case in trial court, the trial court's decision was affirmed by the state court of appeals, and the Supreme Court of Texas denied review. Plaintiffs style this case as an appeal of the Texas Supreme Court's denial of their motion for rehearing of that court's prior denial of a writ. Specifically, the case challenges a sanctions order issued against Wagner by the state trial court. An appeal of a state court decision is clearly barred by the *Rooker-Feldman* doctrine. *Liedtke*, 18 F.3d at 317; *Shepherd,* 23 F.3d at 924.

Furthermore, the Court agrees with Magistrate Judge Nowak's recommendation that Wagner be subject to Rule 11 sanctions. Prior to filing this case, Wagner was on notice that a collateral appeal

of a state court decision is barred by the *Rooker-Feldman* doctrine. Wagner filed another case in this district earlier this year, which was dismissed in response to defendants' motions to dismiss which argued that the Court lacked jurisdiction under the *Rooker-Feldman* doctrine. Thus, he knew or should have known that the claim in this case is unwarranted by existing law, and unsupported by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law. FED. R. CIV. P. 11. The Court disagrees with the Magistrate Judge, however, on the appropriate sanction to be imposed on Wagner. In light of the pending disciplinary petition against him by the State Bar of Texas Commission for Lawyer Discipline, barring Wagner from practicing *pro hac vice* in this case is a sufficient Rule 11 sanction to deter repetition of his conduct.

## Conclusion

The Court has reviewed the Memorandum and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). Accordingly, the Court ACCEPTS the Magistrate Judge's Recommendation, DENIES the Plaintiff's application to proceed *in forma pauperis* (Docket Entry No. 1), and DISMISSES this case for lack of jurisdiction. The Court also VACATES the order permitting Wagner to practice *pro hac vice* in this case.

It is so ORDERED.

SIGNED this 9th day of December, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE